## HUGHES v. GREEN.

(Circuit Court, D. Colorado. May 15, 1896.)

STATE AND FEDERAL COURTS—ELECTION OF JURISDICTION.

A nonresident, having elected under Act 1887, § 2 (25 Stat. 434), to bring suit in a state court, cannot thereafter sue on the same cause of action in a federal court.

H. M. Orahood, for complainant.

T. A. Green, per se.

HALLETT, District Judge (orally). In No. 3,313—Felix T. Hughes against Thomas A. Green—a motion to dismiss the bill because of the pendency of another suit in Pitkin county upon the same cause was argued before the court. It seems that the complainant brought suit for the same matters in Pitkin county, July 12, 1895. This cause was instituted August 15, 1895; so that there was but little more than a month between the beginning of the two suits. It has often been held that the pendency of another action in a court of the state cannot be pleaded in abatement or in bar of a suit in a federal court. Some years ago, Judge Love, of the district of Iowa, in a case reported in 4 Dill. 524, Fed. Cas. No. 1,955 (Brooks v. Mills Co.), held that this rule was not applicable to suits in the same district; that is to say, that if the courts in which the suits were pending had jurisdiction over the same territory, the pendency of the

prior suit might be pleaded in bar or in abatement. This, however, has not been the rule in many of the federal districts. The weight of authority is on the other side. I apprehend that whatever the rule may be as to the right of a defendant to plead the pendency of another suit in a state court it cannot affect the right of the court to proceed in its own defense, where it appears that several suits have been brought for the same cause in different courts, and within the same territory; and this must be more apparent since the act of 1887, in which a nonresident is given an election in respect to the court in which he will bring suit. If he elect to go into a state court, the defendant being a citizen and resident of that state, he has no right of removal to a federal court. The defendant being compelled to continue the controversy in the state court, the complainant should be equally bound by his election to proceed in the state court. It is absurd to say that the complainant may bring a suit in a court of the state and the defendant shall be bound to proceed in that court, and, if the complainant elect also to go into the federal court at the same time, the defendant shall also contest the matter in the federal court. The spectacle of parties going on in two courts of concurrent jurisdiction to contest the same matters with a view apparently to determine whether one court or the other will rule most favorably to them, is one that is not pleasant to contemplate; and if it be said that this complainant, having instituted his suit in the district court of Pitkin county, may in a short time begin suit in this court, and then press each suit as seems to him desirable, it would appear to be a case in which he is experimenting with the courts to see whether one or the other will hold more for him; and when he has ascertained the disposition of the courts he will dismiss in one court and proceed in the other. Whatever may have been decided in the federal courts on this subject in relation to the right to plead the pendency of another suit, there has been some change of sentiment upon the subject of the jurisdiction of the federal courts, and the right of parties to proceed therein, in recent years. The law makers and the law expounders have finally and recently perceived that the people of this country are the most litigious in the world. That is perhaps a natural result among people whose efforts are to live by their wits, rather than by toil. Federal courts have come to a point in harmony with the views of congress that they no longer want more jurisdiction, but less. Parties are now invited to carry on their controversies in state courts, and to remain there, rather than in the federal courts. This is a sentiment with which in this court we are highly in accord. We are greatly overworked, and I cannot be brought to believe that it is the duty of the court to hear the same matters that are being heard, or are about to be heard, in the district court of Pitkin county.

It is said that the complainant in this suit, when he brought the suit, had been told by the defendant that he would assent to the jurisdiction of this court, and that the other suit could be dismissed. Whether that be true or not, it does not change the aspect of affairs. It was easy for him to dismiss his suit in Pitkin county before coming into this court. If there was an agreement of that kind with the

defendant, he could have reduced it to writing before beginning this suit. If, after this suit was begun, he found that the defendant was determined to go on in the district court of Pitkin county, he could have dismissed this suit. The bill will be dismissed without prejudice, each party paying his own costs.