### HUGHES v. GREEN et al.

#### (Circuit Court, D. Colorado. July 29, 1896.)

#### No. 3,414.

STATE AND FEDERAL COURTS—ELECTION.

A nonresident, who has elected, under Act 1887, § 2 (25 Stat. 434), to bring suit in a state court, cannot thereafter dismiss such suit without the consent of the defendants therein, and then bring suit in a federal court.

H. M. Orahood, for complainant.

T. A. Green, per se.

HALLETT, District Judge (orally). No. 3,314—Felix T. Hughes against Thomas A. Green and others—is a bill to foreclose a mortgage on mining property situated in Pitkin county. No. 3,313 was a bill for the same cause of action by Felix T. Hughes against Thomas A. Green only, filed in this court October 23, 1895, and dismissed out of this court May 15, 1896, during the present term. 75 Fed. 691. The last-mentioned suit was dismissed on the ground that complainant had another suit for the same cause then pending in the district court of Pitkin county, which was brought July 12, 1895. Since the beginning of the first suit in the district court of Pitkin county, and at that time, complainant was a citizen and resident of the state of Iowa, and respondents were, and still are, citizens and residents of the state of Colorado. The suit brought in the district court of Pitkin county could not be removed into this court by the complainant under section 2 of the act of 1887 (25 Stat. 434). Having made his election between the state and federal courts on the 12th day of July, 1895, by bringing suit in the district court of Pitkin county, the complainant was not at liberty thereafter to change his forum in respect to the cause of action in that suit. For that reason the bill filed in this court at a later date was dismissed. After the dismissal of 3,313 in this court, and on the 29th day of May, 1896, complainant went before the district court of Pitkin county, and dismissed his bill out of that court. Respondents deny that the dismissal was effective, because they say that it was made contrary to the provisions of section 166 of the Code of Procedure of the state. A cross complaint had been filed in the cause, and no dismissal could be made without their consent. They have appealed from the order dismissing the cause, and the appeal is now to be heard in the court of appeals of the state. Afterwards, and on the 29th day of June, 1896, complainant filed a new bill in this court—No. 3,414—against the same parties for the same cause of action. A motion to dismiss this last bill has been presented, and it

must prevail. The dismissal of the bill in the district court of Pitkin county without the consent of respondents, whether effective or not according to the practice of that court, does not change the position of the parties to the controversy in respect to the complainant's right to proceed in this court. Complainant first elected to proceed in the Pitkin county court. In that court a demurrer was sustained to the bill, and a cross bill was filed by respondent Thomas A. Green. It may be inferred from all that appears in the record that complainant's views of the law of the case were not recognized or accepted in that court. Thereupon he sought to escape from that jurisdiction, and try another, in the expectation of more favorable results. This he could not do. Having begun the controversy in a court of the state, the law would not permit him to remove it to a federal court, and of course he could not accomplish the same thing by bringing a new suit in a federal court. This is not the vexed question concerning the right of a defendant in a suit in a federal court to plead in abatement the pendency of another suit in a state court for the same cause. The question is whether complainant, having elected between courts of concurrent jurisdiction under the act of 1887, shall stand upon his election. Whether complainant should go on to final decree on the merits in the district court of Pitkin county or dismiss his suit was a matter which he alone could decide. In either case he cannot renew the controversy in this court. The bill will be dismissed, at complainant's cost.